IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 26 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02297-BNB

JONATHANDAVID DANIEL SCHMIER,

Plaintiff,

v.

COLORADO SPRINGS POLICE DEPARTMENT,
EL PASO DISTRICT ATTORNEY'S OFFICE,
PUBLIC DEFENDER'S OFFICE,
DETECTIVE CARLOTTA RIVERA, Badge #1766D, and
OFFICER MATTHEW J. DUNICH, Badge #1611,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jonathandavid Daniel Schmier, initiated this action by filing *pro se* a Prisoner Complaint. Because it does not appear that Mr. Schmier is a prisoner, he was directed to file an amended pleading on the court's nonprisoner Complaint form. On October 15, 2010, Mr. Schmier filed an amended complaint using the proper nonprisoner form.

The court must construe the amended complaint liberally because Mr. Schmier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Schmier will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Schmier alleges that his constitutional rights have been violated and, construing the amended complaint liberally, the court finds that these constitutional claims properly are asserted pursuant to 42 U.S.C. § 1983. However, Mr. Schmier fails to set forth a short and plain statement of his claims showing that he is entitled to relief. More specifically, Mr. Schmier fails to provide a clear and concise statement of the factual basis for each claim he is asserting in this action. Instead, Mr. Schmier alleges in conclusory fashion that his constitutional rights have been violated. Therefore, Mr.

Schmier will be ordered to file a second amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

Mr. Schmier is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Furthermore, the court notes that the Defendants identified as Colorado Springs Police Department, El Paso District Attorney's Office, which the court construes as the El Paso County District Attorneys Office, and Public Defender's Office, which the court construes as the Colorado Public Defenders Office, are not proper defendants in this action. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Schmier should name as Defendants in the second amended complaint he will be ordered to file only those persons that he contends actually violated his constitutional rights.

Mr. Schmier's claims against the Colorado Springs Police Department properly are asserted against the City of Colorado Springs because the police department, which is not a separate entity from the City of Colorado Springs, is not a "person" under § 1983. See *Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The court also notes that, to the extent Mr. Schmier may seek to assert claims against the City of Colorado Springs, he must identify a municipal policy or custom that caused the alleged violations of his rights. See *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability).

The El Paso County District Attorneys Office and the Colorado Public Defenders Office also are not "persons" subject to suit under § 1983. Furthermore, because the El Paso County District Attorneys Office and the Colorado Public Defenders Office are state entities, Mr. Schmier's claims against those state entities are barred by the Eleventh Amendment. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Accordingly, it is

ORDERED that Mr. Schmier file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Schmier, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Schmier fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 26, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02297-BNB

Jonathandavid Daniel Schmier
4465 Laredo Meadow Point #105
Colorado Springs, CO 80922

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 10/26/10

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                        Deputy Clerk