IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02297-BNB

JONATHANDAVID DANIEL SCHMIER,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
OFFICER MATTHEW J. DUNICH, Badge #1611, and
DETECTIVE CARLOTTA RIVERA, Badge #1766D,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 29 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

Plaintiff, Jonathandavid Daniel Schmier, initiated this action by filing *pro se* a Prisoner Complaint. Because it does not appear that Mr. Schmier is a prisoner, he was directed to file an amended pleading on the court's nonprisoner Complaint form. On October 15, 2010, Mr. Schmier filed an amended complaint using the proper nonprisoner form. On October 26, 2010, the court ordered Mr. Schmier to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On November 26, 2010, Mr. Schmier filed a second amended complaint.

The court must construe the second amended complaint liberally because Mr. Schmier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, Mr. Schmier will be ordered to file a third amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the second amended complaint and finds that the second amended complaint still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The court advised Mr. Schmier that his constitutional claims in the amended complaint, which the court construed as being asserted pursuant to 42 U.S.C. § 1983, failed to comply with the pleading requirements of Rule 8 because he failed to set forth

a short and plain statement of the factual basis for each claim. Although Mr. Schmier includes additional factual allegations in the second amended complaint, he still fails to provide sufficient facts in support of his claims. However, because it appears that Mr. Schmier has made a good-faith effort to comply with the court's prior order to file a second amended complaint, he will be given one more opportunity to file a pleading that complies with the requirements of Rule 8.

Mr. Schmier asserts three claims in the second amended complaint that relate to reports written by Officer Dunich and Detective Rivera of the Colorado Springs Police Department in September 2006. According to Mr. Schmier, the City of Colorado Springs violated his rights and a city policy when Officer Dunich and Detective Rivera wrote reports alleging that Mr. Schmier had committed a felony even though there was not substantial evidence to support the statements in the reports. Although Mr. Schmier alleges that he suffered financial hardship, he does not identify the allegedly false statements in the reports and he fails to explain how any municipal policy or custom led to a violation of his rights by the City of Colorado Springs. *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability).

In his claims against Officer Dunich and Detective Rivera, Mr. Schmier similarly contends that he has suffered financial hardships without explaining specifically what these Defendants allegedly did to cause those harms or how they violated his constitutional rights. For example, Mr. Schmier alleges that Officer Dunich failed to properly investigate a crime before charging Plaintiff with theft, but he fails to explain

why he believes the investigation was improper, specifically what Officer Dunich did or failed to do, or how the allegedly improper investigation violated his rights. With respect to Detective Rivera, Mr. Schmier alleges only that she requested the issuance of a warrant for his arrest and that bond be set in the amount of $10,000.00. Although Mr. Schmier contends that there was insufficient evidence to support the issuance of an arrest warrant, he does not explain why the evidence was insufficient or how his constitutional rights were violated. Therefore, Mr. Schmier must file a third amended complaint if he wishes to pursue his claims in this action.

Mr. Schmier again is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Schmier file, **within thirty (30) days from the date of this order**, a third amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Schmier, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Schmier fails to file a third amended complaint

4

that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 29, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02297-BNB

Jonathandavid Daniel Schmier
4465 Laredo Meadow Point #105
Colorado Springs, CO 80922

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 11/29/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk