FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02297-BNB

JONATHANDAVID DANIEL SCHMIER,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
OFFICER MATTHEW J. DUNICH, Badge #1611, and
DETECTIVE CARLOTTA RIVERA, Badge #1766D,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Jonathandavid Daniel Schmier, initiated this action by filing *pro se* a Prisoner Complaint. On October 15, 2010, Mr. Schmier filed an amended complaint on the proper nonprisoner complaint form. On October 26, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Schmier to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On November 26, 2010, Mr. Schmier filed a second amended complaint. On November 29, 2010, Magistrate Judge Boland ordered Mr. Schmier to file a third amended complaint because, although Mr. Schmier had made a good faith effort to comply with the pleading requirements of Rule 8, the second amended complaint still failed to set forth a short and plain statement of his claims showing that he is entitled to relief. On December 29, 2010, Mr. Schmier filed a third amended complaint. He seeks damages as relief.

Mr. Schmier has been granted leave to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims asserted in the third amended complaint are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the third amended complaint liberally because Mr. Schmier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the third amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Schmier asserts three claims for relief in the third amended complaint, one against each named Defendant, that arise out of his arrest in September 2006. Mr. Schmier alleges that Defendants Matthew J. Dunich and Carlotta Rivera, employees of the Colorado Springs Police Department, wrote reports alleging that Mr. Schmier committed a felony offense even though there was not substantial evidence to support the statements in their reports. More specifically, Mr. Schmier alleges that Officer Dunich responded to a call for service on September 16, 2006, at a retail establishment and wrote a report stating that there was probable cause to arrest Mr. Schmier. Mr.

2

Schmier further alleges that Officer Dunich's reliance on the victim's statement and inconclusive video surveillance was not sufficient to establish probable cause in accordance with the official policy of the Colorado Springs Police Department for determining probable cause. Mr. Schmier contends that "as a result of Officer Dunich [sic] Actions the Plaintiff was extradited back to Colorado from Florida on a felony warrant that was issued without having established probable cause to do so," which "caus[ed] the Plaintiff to lose his home and job and car in Florida." (Doc. #10 at 5.)

With respect to Detective Rivera, Mr. Schmier alleges that she requested an arrest warrant be issued on September 25, 2006, even though there was not probable cause to request an arrest warrant for felony theft. Mr. Schmier further alleges that Detective Rivera relied on the victim's statement accusing Mr. Schmier without fully investigating the factual basis for the victim's statement. Mr. Schmier also alleges that his constitutional rights were violated when Detective Rivera requested that his bail be set in the amount of $10,000.00 even though he was a first time offender. According to Mr. Schmier,

> Detective Rivera's actions has [sic] caused the Plaintiff to receive a felony on his criminal record and has caused the Plaintiff to lose many job's [sic] due to his background the Plaintiff has lose [sic] a total of over 10 jobs since this illegal arrest had [sic] taken place. Furthermore the Plaintiff is unable to obtain housing because of his criminal record. Had Detective Rivera investigated the alleged crime before requesting the felony theft warrant Detective Rivera would had [sic] seen that there was not enough evidence to support the Felony Warrant be [sic] requested more [sic] less issued.

(Doc. #10 at 7.)

Mr. Schmier's constitutional claims, which accrued in 2006, appear to be barred

by the statute of limitations. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (finding that a two-year statute of limitations applies to § 1983 actions in Colorado). The Court also finds that the third amended complaint is legally frivolous because the facts alleged by Mr. Schmier do not support an arguable claim against Defendants.

"[A]n arrest warrant must be supported by probable cause to comply with the Fourth Amendment." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996). Furthermore, "[i]t is a violation of the Fourth Amendment for an arrest warrant affiant to knowingly, or with reckless disregard for the truth, include false statements in the affidavit" or "to knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause." *Id*. (internal quotation marks omitted).

Mr. Schmier fails to allege that either Officer Dunich or Detective Rivera knowingly or recklessly included false statements in their reports. He also fails to allege that either Officer Dunich or Detective Rivera knowingly or recklessly omitted information that would have vitiated probable cause. Instead, Mr. Schmier alleges only that there was no probable cause to support issuance of an arrest warrant because Officer Dunich and Detective Rivera relied on the victim's statement and the surveillance video without fully investigating the victim's statement or recognizing that the surveillance video was inconclusive. He does not assert that this alleged failure to conduct a more complete investigation was done with a knowing or reckless disregard for the truth. In other words, although Mr. Schmier clearly believes there was not sufficient information known to Officer Dunich and Detective Rivera to establish probable cause, his allegations that they based their reports on the victim's statement

4

and the surveillance video without conducting a more thorough investigation do not rise to the level of a Fourth Amendment violation. Furthermore, even assuming the information known by Officer Dunich and Detective Rivera was not sufficient to establish probable cause in accordance with the official policy of the Colorado Springs Police Department as Mr. Schmier alleges, that fact alone does not demonstrate that Mr. Schmier's constitutional rights were violated. Therefore, because the facts alleged do not support an arguable Fourth Amendment claim, the Fourth Amendment claims against Officer Dunich and Detective Rivera will be dismissed as legally frivolous.

Similarly, Mr. Schmier's allegation that Detective Rivera requested bail be set in the amount of $10,000.00 is insufficient to demonstrate Detective Rivera violated Mr. Schmier's Eighth Amendment rights. The mere fact that Mr. Schmier allegedly was unable to post a bond does not demonstrate that the amount of bail was excessive or that Detective Rivera violated Mr. Schmier's constitutional rights by requesting that bail be set in the amount of $10,000.00. Therefore, Mr. Schmier's Eighth Amendment claim against Detective Rivera also will be dismissed as legally frivolous.

Finally, Mr. Schmier's constitutional claim against the City of Colorado Springs also is legally frivolous and must be dismissed. Magistrate Judge Boland advised Mr. Schmier that he cannot assert a claim against the City of Colorado Springs unless he identifies a municipal policy or custom that caused the alleged violations of his rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability). Mr. Schmier fails to identify any municipal policy or custom that caused the alleged violations of his rights. In fact, he specifically alleges that his rights were violated by Officer Dunich and Detective Rivera because they failed

to comply with an official policy of the Colorado Springs Police Department with respect to determining probable cause. Under these circumstances, Mr. Schmier's claim against the City of Colorado Springs is legally frivolous and must be dismissed. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, the third amended complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

DATED at Denver, Colorado, this  31st  day of    January    , 2011.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02297-BNB

Jonathandavid Daniel Schmier
4465 Laredo Meadow Point #105
Colorado Springs, CO 80922

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 31, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk